```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action |
| Plaintiff ) | No. 05-CR-00143-all |
| ) | |
| vs. ) | |
| ) | |
| ARGENIS PACHECO MOSCOSO, a/k/a ) | |
| "Hennessey"; ) | |
| ANGEL FERRER, a/k/a "Strange"; ) | |
| JASON LOPEZ, a/k/a/ "Jonathon ) | |
| Davila" a/k/a "JB"; ) | |
| CHRISTIAN DELGADO, a/k/a "Old ) | |
| Murder" a/k/a "Murder"; ) | |
| DAVID BOSAH, a/k/a "DJ"; and ) | |
| JOSHUA BAEZ, a/k/a "Josh" ) | |
| Defendants ) | |

O R D E R

NOW, this 25th day of May, 2005, upon consideration of the Government's Motion for Speedy Trial Act Continuance and Motion for Special Listing, which motion was filed April 6, 2005; upon consideration of the Government's Memorandum in Support of its Motion for Speedy Trial Act Continuance filed May 3, 2005; upon consideration of Defendant Angel Ferrer's Motion for Enlargement of Time for Filing Pre-Trial Motions, which motion was filed March 23, 2005; upon consideration of the Reply of Jason Lopez to Government's Motion for Speedy Trial Act Continuance and Motion for Special Listing, which reply was filed April 28, 2005; upon consideration of the Amended Reply of Jason Lopez to Government's Motion for Speedy Trial Act Continuance and Motion for Special Listing, which amended reply was filed April 28, 2005; upon consideration of Defendant's Response to

Government's Motion Pursuant to 18 U.S.C. § 3161(c)(1), which response was filed on behalf of defendant Argenis Pacheco Moscoso April 27, 2005; upon consideration of Defendant's Waiver of Rights Pursuant to 18 U.S.C. § 3161(c)(1) filed on behalf of defendant Joshua Baez on April 27, 2005; upon consideration of Defendant, David Bosah's Waiver of Rights Pursuant to 18 U.S.C. § 3161(c)(1) filed April 27, 2005; upon consideration of the letter dated April 26, 2005 from William R. McElroy, Esquire, counsel for defendant Angel Ferrer filed by the undersigned on May 25, 2005; it appearing that the government seeks an Order declaring this matter a complex case pursuant to 18 U.S.C. 3161(h)(8)(B)(ii); after oral argument conducted before the undersigned May 11, 2005; and for the reasons expressed in the accompanying Memorandum,

    IT IS ORDERED that the Government's Motion for Speedy Trial Act Continuance and Motion for Special Listing is granted.

    IT IS FURTHER ORDERED that Defendant Angel Ferrer's Motion for Enlargement of Time for Filing Pre-Trial Motions is granted.[1]

    IT IS FURTHER ORDERED that a jury trial of the within case shall commence before the undersigned on Monday, November 28, 2005, at 9:30 o'clock a.m., with the selection of a

---

[1] It is the sense of this Order that because we have declared this matter complex and because we have set deadlines for production of discovery, filing of motions and a trial date, we have implicitly granted defendant Ferrer's motion for an extension of time to file pre-trial motions.

jury at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  After completion of the jury selection the trial shall continue in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.  This Order shall serve as a formal attachment for trial.

IT IS FURTHER ORDERED that on or before June 10, 2005 the government shall provide defendants with all discovery in this matter.

IT IS FURTHER ORDERED that on or before June 30, 2005 that defendants shall file any motions pursuant to Federal Rule of Criminal Procedure 12(b) in accordance with Rule 12.1 of the Local Rules of Criminal Procedure for the Eastern District of Pennsylvania.

All motions shall be filed with the Clerk of Court, served upon counsel for all parties and a courtesy copy sent to the undersigned.  Each motion shall be accompanied by a memorandum of law containing a brief recitation of the applicable facts, a concise statement of the legal contentions together with the authorities relied upon in support of such motion.

IT IS FURTHER ORDERED that by July 15, 2005 any party desiring to oppose such motion shall file and serve on all parties, the Clerk of Court and the undersigned a legal memorandum in opposition to such motion pursuant to Local

Rule 12.1.

IT IS FURTHER ORDERED that a hearing on all motions is scheduled before the undersigned on Monday, August 22, 2005, commencing at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania.  In the event that any hearing, if necessary, is not completed by the end of the day on August 22, 2005, the court will schedule an additional hearing prior to the November 28, 2005 trial date.

IT IS FURTHER ORDERED that on or before November 14, 2005 counsel for the parties[2] are required to submit proposed jury instructions.

All proposed jury instructions shall be numbered and shall have citations of authority for each point (one instruction per page).  If a model jury instruction is requested, counsel shall indicate whether the proposed jury instruction is modified or unchanged.  If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be placed in brackets.  If a model jury instruction is unchanged, it shall be submitted by title and paragraph number reference only, and shall not be retyped verbatim.

IT IS FURTHER ORDERED that on or before November 21, 2005 each party shall file any objections to the proposed jury

---

[2] Whenever used in this Order, the terms "counsel" and "counsel for the parties" shall also refer to any unrepresented parties.

instructions proposed by the other party.  Any and all objections shall be in writing and shall set forth the objectionable proposed instruction in its entirety.  The objection shall then specifically set forth the objectionable material in the proposed instruction.  The objection shall contain citation to legal authority explaining why the instruction is improper and a concise statement of argument concerning the instruction.  Where applicable, the objecting party shall submit a correct alternative instruction covering the subject or principle of law, with citation to legal authority supporting the alternative instruction.

    IT IS FURTHER ORDERED that on or before November 14, 2005 all counsel and unrepresented parties shall submit proposed jury voir dire questions.

    IT IS FURTHER ORDERED that on or before November 21, 2005 each party shall file any objections to the voir dire questions proposed by any other party.  Any and all objections shall be in writing and shall set forth the objectionable voir dire question in its entirety.  The objection shall then specifically set forth the objectionable material in the proposed voir dire question.  The objection shall contain citation to legal authority explaining why the proposed voir dire question is improper and a concise statement of argument concerning the objection.

IT IS FURTHER ORDERED that at least five business days before commencement of trial, all parties shall submit to the court a written summary, not to exceed two pages in length, in plain language, of its contentions regarding the facts and that party's theories concerning their case.  Prior to the beginning of voir dire, all other parties may submit in writing objections or alternatives to this summary.  The summary may be used by the court during jury selection and in the court's  preliminary and final instructions to the jury in order to familiarize the jurors with the general framework of the factual and legal issues and contentions in the case.

IT IS FURTHER ORDERED that counsel shall familiarize themselves with the Local Rules of Criminal Procedure of the United States District Court for the Eastern District of Pennsylvania.  Failure to comply with the within Order or the Local Rules may result in the imposition of sanctions.

IT IS FURTHER ORDERED that continuances will be granted only in extraordinary circumstances.  Continuance requests shall be filed by one counsel of record for each represented party and by each unrepresented party.  Continuance requests shall be submitted not later than ten days prior to the commencement of trial on a form approved by the undersigned.

IT IS FURTHER ORDERED that if a defendant is currently

incarcerated, the defendant or his counsel shall notify the undersigned in writing immediately so that the necessary procedures can be taken to have the defendant present in the courtroom for any proceedings.

      <u>IT IS FURTHER ORDERED</u> that pursuant to 18 U.S.C. § 3161(h)(8) the period between April 19, 2005 and November 28, 2005 shall be excluded in computing time under the Speedy Trial Act.

      BY THE COURT:

      James Knoll Gardner
      United States District Judge